Endurance Am. Ins. Co. v StoneX Commodity Solutions, LLC (2025 NY Slip Op 00910)

Endurance Am. Ins. Co. v StoneX Commodity Solutions, LLC

2025 NY Slip Op 00910

Decided on February 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 18, 2025

Before: Kern, J.P., Moulton, Kapnick, Gesmer, Pitt-Burke, JJ. 

Index No. 653234/22 Appeal No. 3705 Case No. 2024-00728 

[*1]Endurance American Insurance Company et al., Plaintiffs/Counterclaim Defendants-Appellants,
v
StoneX Commodity Solutions, LLC, Formerly Known as FC Stone Merchant Services, LLC, Defendant/Counterclaim Plaintiff-Respondent.

Cassiday Schade, LLP, Chicago, IL (Adam H. McCabe of the bar of the State of Illinois, admitted pro hac vice, of counsel), for appellants.
Hoguet Newman Regal & Kenney, LLP, New York (Joshua L. Blosveren of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about January 8, 2024, which granted the motion of defendant/counterclaim plaintiff (StoneX) for summary judgment as to liability on its first and second counterclaims, unanimously affirmed, without costs.
Contrary to plaintiffs/counterclaim defendants' (the insurers) contention, the court correctly found that StoneX suffered a physical loss. StoneX showed that soybeans were "at one time in existence and [are] now . . . no longer available" (In re Balfour Maclaine Intl. Ltd., 873 F Supp 862, 866 [SD NY 1995], affd 88 F3d 68 [2d Cir 1996]). It submitted reports dated April 3, 2020, March 8, 2021, and October 13, 2021, showing that nonparty Express Grain Terminals, LLC (EGT) held enough soybeans to cover StoneX's warehouse receipts. StoneX also showed that EGT filed for bankruptcy and that StoneX recovered only some of its soybeans in the bankruptcy.
The insurers contend that the reports are insufficient because they did not show that EGT had enough soybeans for all warehouse receipt holders. However, section 15 of Endorsement 5 of the subject policy provides, "a holding certificate . . . from a storage holder . . . stating that a quantity of insured interest is being held by such storage holder to the order of the Insured . . . will be deemed sufficient evidence of the existence of such insured interest."
Section 15 also provides that "documentation verifying that the quantities in store at the . . . storage facility are sufficient to meet the Insured's requirements under such holding certificate." The April 2020 and March 2021 reports do not specify how many soybeans EGT held at each of its warehouses and that the Greenwood warehouse — the relevant location for the three receipts at issue — did not have enough soybeans to satisfy StoneX's receipts as of October 12, 2021. However, "storage facility" could mean EGT as a whole, as opposed to a specific location. For example, another part of the policy provides that it "cover[s] property owned by the Insured . . . while such goods . . . are at a scheduled storage location(s) endorsed to this policy." In addition, the March 2021 report provides that the Greenwood, Minter City, and Sidon locations "are combined under one unified [Mississippi] Dept. of Ag[riculture] license." Any ambiguities in an insurance policy "must be resolved against the insurer" (Westview Assoc. v Guaranty Natl. Ins. Co., 95 NY2d 334, 339 [2000]). Furthermore, "an all risks policy should be interpreted broadly in favor of the insured" (Great Northern Ins. Co. v Dayco Corp., 620 F Supp 346, 354 [SD NY 1985]). Endorsement 6, which contains the phrase "all risks of physical loss," is an all risks policy.
The court also correctly found that September 29, 2021 (the date of EGT's bankruptcy) was the date of loss. A loss occurs when the insured suffers a "dispossession from the property [that] was never remedied" (CIT Group/Equip. Fin., Inc. v Starr Surplus Lines [*2]Ins. Co., 198 AD3d 505, 506 [1st Dept 2021] [internal quotation marks omitted]). StoneX lost control of all of its soybeans when EGT declared bankruptcy and the bankruptcy court appointed a chief restructuring officer. Although StoneX was compensated for some of its soybeans, it never regained possession of the soybeans for which it seeks compensation from the insurers.
The insurers argue that StoneX failed to demonstrate valid transfer of title at the time the warehouse receipts were issued. The argument is unavailing. Section 15 of Endorsement 5 provides that a holding certificate from a storage holder "stating that a quantity of insured interest is being held by such storage holder to the order of the Insured . . . will be deemed sufficient evidence of . . . title transfer for claims purposes."
The insurers' contention that they need discovery as to the degree of control StoneX could have exercised and did in fact exercise over EGT's facilities, is also unavailing. The misappropriation exclusion excludes "[l]oss . . . resulting from misappropriation, . . . conversion, infidelity or any dishonest act done . . . by the Insured or other party of interest, or their employees or agents, while the insured property is stored in warehouses . . . operated or controlled by the Insured." Thus, control is not the only requirement; the insurers must also show that the dishonest act was committed "by the Insured or other party of interest, or their employees or agents." The insurers claim neither that StoneX was dishonest nor that EGT was an "other party of interest."
The insurers' remaining arguments were improperly raised in reply. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2025